IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT JAY TASHBOOK, #00362111 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv281 |
| | | CRIM NO. 6:96cr00032 |
| UNITED STATES OF AMERICA | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Robert Tashbook, a federal prisoner, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the case.

On November 10, 2021, Judge Love issued a Report (Docket No. 7) recommending that Movant's section 2255 proceeding be dismissed without prejudice for Movant's failure to comply with an order of the Court. Specifically, Judge Love found that Movant failed to comply with the July 21, 2021 order (Docket No. 3), directing him to file an amended section 2255 motion on the appropriate form within thirty days of receipt.

Movant filed timely objections (Docket No. 8). Movant argues that mail has been "mishandled" by mailroom staff at FCI Otisville. With respect to "actual issues/objections," Movant maintains that he "never intended to file a § 2255 petition at this time. In the Court of Appeals he filed a 'Request to Recall the Mandate.' This was based on factual innocence—the elements of the crime simply were not present [as opposed to merely being unproven], rendering this case void ab initio." He further highlights how the Fifth Circuit recharacterized this request as a § 2255 petition.

1

A review of Movant's criminal case reveals that Movant filed his "Request to Recall the Mandate" with the Fifth Circuit Court of Appeals. On April 12, 2021, the Fifth Circuit denied the request as untimely—also construing the request as a successive habeas petition—and specifically denied the successive habeas petition. *See* 6:96cr032, Docket No. 48.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir, 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten days to fourteen).

Movant's objections must be overruled. Movant specifically states that he never intended to file a section 2255 proceeding, but instead meant to file his request to recall the mandate. The Fifth Circuit addressed the request. The Fifth Circuit also denied his successive habeas petition.

A district court lacks subject matter jurisdiction to consider a second or successive petition *unless* the appellate court—which, here, is the Fifth Circuit—has granted the movant permission to file the successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) ("For the reasons outlined above, we find that the district court did not have subject matter jurisdiction to consider Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application.") (emphasis added); *U.S. v. Sorrell*, 354 F. App'x 44 (5th Cir. 2009) (same). For those reasons, this Court cannot address Movant's current section 2255 petition—even if he had complied with the underlying order to amend—because there is no indication the Fifth Circuit has granted him permission to file a successive habeas

petition. In fact, as mentioned, the Fifth Circuit recently denied Movant's successive habeas petition—further bolstering Judge Love's recommendation to dismiss this case.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Movant's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Docket No. 7), is **ADOPTED** as the opinion of the Court. Movant's objections, (Docket No. 8), are **OVERRULED**. Further, it is

**ORDERED** that Movant's section 2255 proceeding is **DISMISSED**, without prejudice, for lack of jurisdiction. Movant is further **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **3rd** day of **December, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE